## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

---

MATTHEW A. RAGAN, Individually And On Behalf Of All Others Similarly Situated,

          Plaintiff,

vs.

ADVANTA CORP., DENNIS ALTER, MAX BOTEL, DANA BECKER DUNN, RONALD LUBNER, WILLIAM A. ROSOFF, PHILLIP M. BROWNE, PAUL JEFFERS, and DOES 1-10,

          Defendants.

Civil Action: 2:09cv04974-CMR

---

PAULA HIATT, As Representative Of The Advanta Corp. Employee Stock Ownership Plan And The Advanta Corp. Employee Savings Plan, And On Behalf Of A Class Of Similarly Situated Participants In The Plans,

          Plaintiff,

vs.

ADVANTA CORP., DENNIS ALTER, MAX BOTEL, DANA BECKER DUNN, RONALD LUBNER, WILLIAM A. ROSOFF, PHILLIP M. BROWNE, PAUL JEFFERS, and JOHN DOES 1-10,

          Defendants.

Civil Action: 2:09cv5467-CMR

| | |
|---|---|
| PAMELA G. YATES and JOANN CLAFLIN, Individually And On Behalf Of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>vs.<br><br>WILLIAM A. ROSOFF, MICHAEL A. STOLPER, DENNIS ALTER, MAX BOTEL, DANA BECKER DUNN, RONALD LUBNER, ADVANTA CORP. EMPLOYEE SAVINGS PLAN ADMINISTRATIVE COMMITTEE, PAUL JEFFERS, PHILIP M. BROWNE, and JOHN DOES 1-20,<br><br>     Defendants. | Civil Action: 2:09cv5746-CMR |

## [PROPOSED] PRETRIAL ORDER NO. 1 CONSOLIDATING CASES, APPOINTING INTERIM CLASS COUNSEL AND ESTABLISHING PRETRIAL PROCEDURES

**WHEREAS**, the above-captioned actions allege breaches of fiduciary duties by Advanta Corp. and its participating subsidiaries and affiliates ("Advanta" or the "Company") and related ERISA fiduciaries (collectively, "Defendants"), on behalf of participants in, and beneficiaries of, the Advanta Corp. Employee Stock Ownership Plan (the "ESOP Plan") and the Advanta Corp. Employee Savings Plan (the "ESP Plan") (collectively, the "Plans"), established as a benefit for the Company's employees; and

**WHEREAS**, appointment of Interim Class Counsel and a case management plan for the class action is appropriate and consistent with the Federal Rules of Civil Procedure and the recommendations of the Manual for Complex Litigation (4th ed. 2004) and Fed. R. Civ. P. 23(g);

**NOW, THEREFORE, THE COURT ORDERS** as follows:

## I.   <u>CONSOLIDATION OF SUBSEQUENT OR TRANSFERRED ACTIONS</u>

When a case that arises out of the same operative facts as the above-captioned cases is hereinafter filed in or transferred to this Court, it is hereby consolidated pursuant to FED. R. CIV. P. 42(a).   The above-captioned actions shall be hereinafter referred to as <u>In re: Advanta Corp. ERISA Litigation</u>, Case No. 09-CV-04974-CMR.

When a case that arises out of the same operative facts as this action is hereinafter filed in or transferred to this Court, the Clerk of this Court shall:

(a)   File a copy of this Order in the separate file for such action;

(b)   Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c)   Make the appropriate entry in this action.

The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## II.   <u>APPLICATION OF THIS ORDER TO SUBSEQUENT CASES</u>

This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Plans.   This Order shall apply to each such case which is subsequently filed in or transferred to this Court and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party.   The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint.  If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

## III.  APPOINTMENT OF INTERIM CLASS COUNSEL

The Court designates Stull, Stull & Brody to act as Interim Class Counsel for the Plaintiffs in this action and all subsequently filed, related actions consolidated herewith, with the responsibilities hereafter described.

Interim Class Counsel shall have the authority over the following matters on behalf of plaintiff and the putative class in this action:

(a)     directing, coordinating, and supervising the prosecution of plaintiff's claims in the action, including the drafting and filing of a Consolidated Amended Class Action Complaint (the "Consolidated Complaint"), the briefing of any motion(s) to dismiss by any defendant(s), as well as any class certification motion and any matters pertaining thereto;

(b)     initiating and conducting discovery, including, without limitation, coordinating discovery with defendants' counsel, preparing written interrogatories, requests for admissions, and requests for production of documents;

(c)     directing and coordinating the examination of witnesses in depositions;

(d)     retaining experts;

(e)     communicating with the Court;

(f)     communicating with defense counsel; and

(g)     conducting settlement negotiations and entering into final agreements.

No motion shall be initiated or filed on behalf of any plaintiff in this action except through Interim Class Counsel.

Service of pleadings and other papers by defendants shall be made only upon Stull, Stull & Brody, which is authorized and directed to accept service on behalf of plaintiffs in this action and any later actions that may be consolidated herewith.  Stull, Stull & Brody is appointed Interim Class Counsel for the putative plaintiff class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure in the above-captioned consolidated case.

## IV.   APPOINTMENT OF AS INTERIM LOCAL COUNSEL

The firm of Donovan Searles, LLC is hereby appointed interim local counsel.

## V.   SCOPE OF ORDER

The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she, or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.  The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses to any action.

## VI.   PRELIMINARY SCHEDULE OF PROCEEDINGS

Within thirty (30) days of the entry of this Order, Plaintiffs' counsel shall  confer with defense counsel to continue to seek the production of core ERISA documents and information pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1104(b) and discuss a proposed schedule for the following:

(a)      The date by which Plaintiffs will file the Consolidated Complaint

(b)      The date by which Defendants will answer or otherwise respond to the Consolidated Complaint;

(c)      If Defendants move to dismiss the Consolidated Complaint, the date by which Plaintiffs shall respond; and

(d)      The date by which Defendants will file a reply in support of any motion(s) to dismiss.

Further, the parties will discuss any other pertinent scheduling matters under the federal and local rules of civil procedure.  Additionally, Plaintiffs need not file a motion for class certification pursuant to Local R. Civ. P. 23.1(c) until further Order of the Court.  Following the Court's decision regarding Defendants' motion to dismiss, counsel for the parties shall meet and confer and provide the Court with a proposed pre-trial schedule, including the date by which Plaintiffs will move for class certification.

**SO ORDERED**, this _____ day of December, 2009

_____
Honorable Cynthia M. Rufe
United States District Judge

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW A. RAGAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>ADVANTA CORP., DENNIS ALTER, MAX BOTEL, DANA BECKER DUNN, RONALD LUBNER, WILLIAM A. ROSOFF, PHILLIP M. BROWNE, PAUL JEFFERS, and DOES 1-10,<br><br>                Defendants. | Civil Action: 2:09cv04974-CMR |
| PAULA HIATT, As Representative Of The Advanta Corp. Employee Stock Ownership Plan And The Advanta Corp. Employee Savings Plan, And On Behalf Of A Class Of Similarly Situated Participants In The Plans,<br><br>                Plaintiff,<br><br>vs.<br><br>ADVANTA CORP., DENNIS ALTER, MAX BOTEL, DANA BECKER DUNN, RONALD LUBNER, WILLIAM A. ROSOFF, PHILLIP M. BROWNE, PAUL JEFFERS, and JOHN DOES 1-10,<br><br>                Defendants. | Civil Action: 2:09cv5467-CMR |

## MEMORANDUM OF LAW OF THE YATES PLAINTIFFS IN PARTIAL OPPOSITION TO PLAINTIFFS MATTHEW RAGAN AND PAULA HIATT'S MOTION FOR ENTRY OF [PROPOSED] PRETRIAL ORDER NO. 1 CONSOLIDATING CASES, APPOINTING INTERIM CLASS COUNSEL <u>AND ESTABLISHING PRETRIAL PROCEDURES</u>

Pamela G. Yates and Joann K. Claflin, the Plaintiffs in *Yates, et al. v. Rosoff, et al.*, Civil Action No. 2:09-cv-5746-CMR (E. Pa.) (collectively, the "Yates Plaintiffs"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Partial Opposition to Plaintiffs Matthew Ragan and Paula Hiatt's Motion for Entry of [Proposed] Pretrial Order No. 1 Consolidating Cases, Appointing Interim Class Counsel and Establishing Pretrial Procedures.

As discussed below, the Yates Plaintiffs agree that the above-captioned actions and any other subsequently filed related ERISA actions should be consolidated before this Court. The Yates Plaintiffs also agree that the scheduling and other provisions set forth in the Ragan Plaintiffs' [Proposed] Pre-Trial Order No. 1 will promote efficiency in the consolidated case and so should be approved. However, the Yates Plaintiffs oppose the appointment of Barroway Topaz Kessler Meltzer & Check, LLP ("BTKMC") as Interim Lead Counsel. Instead, the Yates Plaintiffs ask this Court to appoint the firm of Stull, Stull & Brody ("SS&B") as Interim Class Counsel.[1]

SS&B, with offices in New York City and Los Angeles, has extensive experience and expertise in ERISA class action employer stock cases similar to this one and in complex litigation in general. Further, SS&B has extensive bankruptcy-related experience which will

---

[1]     The Ragan Plaintiffs' motion filed on November 24, 2009 [D.E. 12] seeks an order "appointing the law firms of Barroway Topaz Kessler Meltzer & Check, LLP and Izard Nobel. LLP as Interim Class Counsel." A Corrected Memorandum of Law filed the same day [D.E. 13] requests only the appointment of the Barroway firm (which is stated to be with the support of the Izard firm). Although the motion has not been corrected, the Yates Plaintiffs assume from the Corrected Memorandum that the Ragan Plaintiffs are now seeking the appointment of the Barroway firm only.

undoubtedly be useful and beneficial to the class of 401(k) plan participants in these cases due to the recent bankruptcy filing by Advanta Corp. ("Advanta" or the "Company").[2]

Federal Rule 23(g)'s requirement is that the Court select counsel who is "best able to represent the interests of the class."  Fed. R. Civ. P. 23(g)(2).  Because SS&B has extensive knowledge of ERISA law and bankruptcy-related experience, as well as broad experience and a proven record of success in class action cases of this type, the Yates Plaintiffs respectfully submit that their alternative suggestion for appointment of SS&B as Interim Lead Counsel should be granted and the competing motion denied in part.

## I.   <u>INTRODUCTION</u>

On October 29, 2009, a class action complaint entitled *Matthew A. Ragan v. Advanta Corp., et al.*, Civil Action: 2:09cv04974-CMR ("*Ragan* Action") was filed against Advanta and certain Advanta executives and fiduciaries ("Defendants") of the Advanta Corp. Employee Stock Ownership Plan and the Advanta Corp. Employee Savings Plan (the "Plans"), established and/or sponsored by Advanta as a retirement benefit for its employees.  The complaint was filed by Plaintiff Matthew Ragan individually, on behalf of the Plans, and as a representative of a proposed Class of plan participants and beneficiaries.

Shortly thereafter, on November 16, 2009, another ERISA complaint entitled *Paula Hiatt v. Advanta Corp., et al.*, Civil Action: 2:09cv5467-CMR (the "*Hiatt* Action") was filed against the same defendants named in the *Ragan* Action.  The *Hiatt* Action named as a defendant Advanta even though the company had filed for bankruptcy protection on November 8, 2009.

---

[2]     The Declaration of Edwin J. Mills of Stull, Stull & Brody filed herewith demonstrate his and SS&B's considerable experience in dealing with the corporate and/or individual bankruptcies of defendants in class action cases.

The *Ragan* and *Hiatt* complaints allege that Defendants, who were fiduciaries of the Plans, allowed the Plans to acquire and hold Advanta stock even though Advanta stock was an imprudent investment alternative for the retirement savings of its employees.  The claims arise from, *inter alia*, the failure of Defendants/fiduciaries of the Plans to act solely in the interest of the Plans' participants and beneficiaries and to exercise the care, skill, prudence, loyalty and diligence in administering the Plans and investment of its assets mandated under §§ 404 and 405 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1104 and 1105. These plaintiffs seek relief pursuant to §§ 409 and 502 of ERISA, 29 U.S.C. §§ 1109, 1132, on behalf the Plans and a proposed class of all the Plans participants who sustained losses to their retirement accounts.  As noted, the *Ragan and Hiatt* Plaintiffs filed a Motion For Entry Of [Proposed] Pretrial Order No. 1 Consolidating Cases And Appointing Interim Class Counsel on November 24, 2009.

The complaint filed by the Yates Plaintiffs on December 3, 2009 alleges claims similar to the claims asserted in the *Ragan* and *Hiatt* cases.  While the Yates complaint is certainly no copy of the *Ragan* and *Hiatt* pleadings, it does also seek relief under ERISA Section 502(a)(2) on behalf of participants in the same employee benefit plans identified in the *Ragan and Hiatt* pleadings, for the same time period and against largely the same defendants.  The principal difference between the pleadings is, as noted above, that the *Hiatt* pleading names as a defendant the bankrupt Advanta Corp. (which is inconsistent with the automatic stay imposed by 11 U.S.C. 362(a)) and the *Ragan and Hiatt* pleadings do not name as a defendant the committee which administered the Plans, the Advanta Corp.  Employee Savings Plan Administrative Committee

(the "Committee"). The committee itself is a proper defendant in cases such as these[3] and so is named in the Yates complaint.

## II.     ARGUMENT

### A.     The Four Factors of Rule 23(g) Support Appointment Of SS&B As Interim Lead Counsel

The principal question before the Court is which of the proposed leadership structures will best represent the interests of the putative class. *See* Fed. R. Civ. P. 23(g)(2). Four factors predominate:

(i)     the work counsel has done in identifying or investigating potential claims in the action;

(ii)     counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

(iii)     counsel's knowledge of the applicable law; and

(iv)     the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

---

[3]     "ERISA, which provides the substantive law here, expressly contemplates that when an administrative committee acts in the denial of plan benefits or as a fiduciary in breach of its fiduciary duties, it may be sued." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 617-18 (S.D. Tex. 2003); *see also Breedlove v. Tele-Trip Co.*, No. 91 C 5702, 1993 WL 284327, at *14 (N.D. Ill. July 27, 1993) ("a committee which administers a plan is a distinct legal entity"); *In re Robertson*, 115 B.R. 613, 622 (Bankr. N.D. Ill. 1990) ("it must be concluded that the Committee was a legal entity discrete from Peat, Marwick and that the Committee was the fiduciary that 'controlled' the 401(k) funds"); *Reynolds v. Bethlehem Steel Corp.*, 619 F. Supp. 919, 928 (D. Md. 1984) (finding that the "General Pension Board" was the plan administrator and made the decisions as to whether to award or deny lump sum payments); *Boyer v. J. A. Majors Co., Employees' Profit Sharing Plan*, 481 F. Supp. 454, 458 (N.D. Ga. 1979) (finding that "the [retirement] Committee was a viable, operating entity which, together with the trustee bank, was wholly responsible for administering the profit sharing plan").

As detailed below, the Yates Plaintiffs set forth in detail the basis for their selection and explain how each of the Rule 23(g) factors supports appointment of SS&B as Interim Lead Counsel in this case.  Not only has SS&B conducted extensive research and investigation to determine the appropriate claims in this action but they also have comprehensive experience, expertise and knowledge of the applicable law, as well as the resources to successfully represent the Class.

### 1. SS&B Has Taken Substantial Preliminary Steps to Prosecute this Action

SS&B has already taken substantial steps to prosecute this lawsuit on behalf of the Plans. As shown in the Mills Declaration SS&B has:

- spoken with proposed class members;

- drafted and filed a detailed complaint with careful analysis as to the specific factual circumstances that give rise to this litigation and on which the Yates Plaintiffs' allegations of ERISA breach of fiduciary duty and imprudence are based;

- served on Defendants a request for all Plan documents pursuant to ERISA § 1024(b) on November 17, 2009.

- served notice of their action on the United States Secretary of the Treasury and Secretary of Labor as required by ERISA § 502(h); and

- investigated additional claims against Defendants in anticipation of filing a consolidated complaint.

The complaint prepared by SS&B is the result of the firm's own work and dedication to this area of law and analysis of specific issues in this case.  Through many years of experience litigating ERISA cases of this type, SS&B appreciates the importance of carefully detailing,

among other allegations, Defendants' fiduciary status and the specific conduct giving rise to breach of fiduciary duty claims.   Such specificity can be critical in efforts to overcome challenges to a complaint.   SS&B's complaint is detailed in this regard.   Further, SS&B's investigation and drafting are informed by the specific challenges they have faced in the past, and lessons learned from them.

SS&B's efforts in investigating the breaches to the Plans, researching the law, and drafting the complaint filed on behalf of the Yates Plaintiffs are representative of the substantial steps they have taken to date to advance this litigation, and reflect their expertise in this complex and rapidly developing area of law.

### 2.    SS&B Has the ERISA Experience, Expertise and Knowledge to Offer the Class

Federal Rule 23(g)(2) states that "[i]f more than one adequate applicant seeks appointment as counsel, the court must appoint the applicant best able to represent the interests of the class."   Courts generally consider counsel's experience and knowledge of the applicable law the two most important factors when selecting lead counsel.   *See, e.g.*, *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding the "most persuasive" factor in choosing lead counsel pursuant to Rule 23(g) may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

SS&B has successfully litigated dozens of similar ERISA class actions in federal courts throughout the country, including service as co-lead counsel in obtaining a $100,000,000 settlement recovery in the ERISA class action against AOL Time Warner resulting from the AOL-Time Warner merger (which that court noted was "one of the largest ERISA settlement to date"), and many other high-profile and extremely complex breach of fiduciary duty class actions.   SS&B has significant experience in ERISA litigation and complex litigation generally,

and ERISA company stock litigation specifically.  As shown in the Mills Declaration, SS&B has

taken a leading role among law firms in pursuing employee lawsuits and ERISA violations on

behalf of participants and beneficiaries in employer-sponsored benefit plans and has obtained

substantial recoveries in that regard.  For instance, SS&B has been appointed as co-lead counsel

in numerous ERISA actions, which, as here, allege breaches of fiduciary duty in connection with

the offering of employer stock in 401(k) plans or in connection with allegedly inadequate

disclosures to participants in 401(k) plans.  Among the appointments of SS&B in such actions

are *Grant v. AOL Time Warner, Inc. (In re AOL Time Warner, Inc.),* 2003 U.S. Dist. LEXIS

16895, No. 02 CV 8853, MDL Docket No. 1500 (S.D.N.Y. 2003); *In re: Cardinal Health ERISA

Litig.*, 225 F.R.D. 552 (S.D. Ohio 2005); *Overby v. Tyco Int'l Ltd.,* No. 2-CV-1357-B (D.N.H.

Dec. 20, 2002); *In re AEP ERISA Litig.*, No. C2-03-67 (S.D. Ohio July 8, 2003); and *Hill v. The

Tribune Co.*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. Oct. 13, 2005).  As recognized by the

United States District Court for the Southern District of Ohio in *In re Cardinal Health, Inc.

ERISA Litig.*:

> Each firm has an impressive resume and is qualified to be lead counsel, but the
> Court finds the McKeehan Plaintiffs' proposed counsel, ***Schatz & Nobel and
> Stull, Stull & Brody, will best be able to represent fairly and adequately the
> class because of their extensive experience in ERISA litigation***.  *In re Terazosin
> Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding the proposed
> counsel's "experience in, and knowledge of, the applicable law in this field" the
> "most persuasive" factor when choosing lead counsel).

(Emphasis added).

### A.       SS&B's Bankruptcy Experience

The interim class counsel appointed in this case should be ready to move quickly in

Advanta's bankruptcy case to protect the class members in this case.  SS&B has exactly that

extensive and sophisticated bankruptcy experience.  As discussed in the Mills Declaration,

SS&B's bankruptcy experience includes, but is not limited to, the following:

In 2002, Conseco, Inc. filed a Chapter 11 case in the Bankruptcy Court for the Northern District of Illinios (Case  02-B-49672).  At that time, SS&B was representing a class of 401(k) plan participants in a breach of fiduciary class action pending in the United States District Court for the Southern District of Indiana (*Russell v. Conseco Services, LLC, et. al.*, Case No. 1:02-CV-1639 LJM).  That class action had named as defendants Conseco, Inc., prior to its bankruptcy filing and other non-bankrupt fiduciaries of Conseco's 401(k) plan.  In the Conseco bankruptcy case, SS&B caused to be filed a class-wide proof of claim to protect the interest of the plan participants.  SS&B also filed papers and appeared in Bankruptcy Court to object to those portions of a proposed plan of reorganization (and related disclosure statement provisions) whereby it was proposed that the claims in the ERISA case be discharged against the non-debtor fiduciaries.  Relying upon 11 U.S.C. § 524(e) and the case law thereunder, SS&B (and other interested parties, including the Securities and Exchange Commission) argued against extending the discharge provision of Section 524(e) to the non-bankrupt fiduciaries.  This reorganization plan provision was ultimately dropped.  The Indiana class action continued against the non-debtor fiduciaries and was ultimately settled for slightly less than ten million dollars.

SS&B also represented a class of security holders in connection with the Chapter 11 bankruptcy of The Caldor Corporation (Caldor Department Stores) (Case No. 95 B 44080 JLG) (S.D.N.Y.).  In that case, SS&B examined witnesses prior to and during the hearing on preliminary injunction to stay the securities fraud class action then pending against Caldor and certain of its executives.  Although the bankruptcy court did issue a preliminary injunction temporarily staying the plenary action, that action was ultimately settled for the benefit of the securities purchaser class (which SS&B jointly represented with other attorneys).

Furthermore, in connection with the Chapter 11 bankruptcy of Equimed, Inc. (Case No. 00-1-1147-PM, District of Maryland), SS&B represented a class of securities purchasers. In that bankruptcy case, SS&B filed objections to the proposed treatment of certain insurance proceeds as "estate property" and also dealt with the ramifications of a liquidation involving one of the co-insurers. That bankruptcy case ultimately ended with the claims of the security purchaser class intact and the insurance intact. The securities class action case later settled in this District where SS&B served as sole lead counsel. That case was *In re Equimed Securities Litigation*, 98-cv-5374(NS).

**B.     Advanta's Bankruptcy Action**

On November 8, 2009, Advanta filed a petition for bankruptcy relief in the United States Bankruptcy Court in Delaware.[4]  Advanta had been named as a defendant in Plaintiff *Ragan's* Action prior to the bankruptcy filing and also named as a defendant in plaintiff *Hiatt's* Action after the bankruptcy filing. Under Section 362(a) of the Bankruptcy Code, the filing operates as an automatic stay of this case and all cases as to Advanta. The Yates Plaintiffs acknowledge the stay and seek no relief in this Court as against Advanta.

There are, however, non-bankrupt defendants in these cases as to whom this case and the related cases may continue, absent an order from this Court or the Bankruptcy Court staying the cases against the non-bankrupt defendants. The appointments sought by the present motion should be made as soon as practicable, for the protection of the interests of the 401(k) class participants-class members, for at least the following reasons:

- As noted, the stay of litigation is presently limited by statute to Advanta. *See, e.g.*, *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th

---

[4]     The bankruptcy case is *In re Advanta Corp., et al., Debtors,* Case No. 09-13931(KJC)(Chapter 11)(Bcy. Del).

Cir. 1993) ("Ordinarily . . . the automatic stay does not extend to actions against parties other than the debtor . . ."). It may reasonably be anticipated that a request will be made, either in this Court, in the Bankruptcy Court, or both, to extend the stay to other named defendants in the related cases. The appointment of interim class counsel, particularly class counsel with appropriate bankruptcy law and practice, would seem appropriate at an early stage to address any such stay request with the best interests of the 401(k) participant-class members in mind.

- It may be appropriate for a class-wide claim to be filed in the bankruptcy case, supported by appropriate evidence and legal argument. The appointments now requested may facilitate the filing of appropriate claim(s), and the proof of such claims if challenged.[5]

- One way in which the class' claims against Advanta may be challenged is by a request in the bankruptcy case for an estimation proceeding under 11 U.S.C. § 502(c). The appointment of interim class counsel in this case at an early stage would allow counsel to more effectively prepare for all challenges to the class' rights of recovery against Advanta, including if there is an estimation proceeding.

- There is also the issue of a how the class' claims against Advanta will be scheduled in the hierarchy of bankruptcy claims. Under § 510(b) of the Bankruptcy Code at least some security-related claims are subordinated to other claims and or treated at the same level as common stock. In this case, it would appear that a strong argument can be made that the claims of the 401(k) participant-class members are for breaches of fiduciary duty under ERISA and so, whole stock-related, should not be subordinated.

- The bankruptcy case is also likely to implicate the insurance applicable to the claims in this case. Fiduciary insurance policies typically provide a source of recovery for 401(k) participants who are alleging breaches of fiduciary duty. Efforts may be made in the Bankruptcy Court to have such policies and/or the proceeds of such policies considered "assets of the estate" or estate property subject to the control of the Bankruptcy Court and part of the estate to be divided among all creditors. *See* 11 U.S.C. § 542. The ERISA class in these cases should be protected by the appointment of counsel with the necessary bankruptcy knowledge and sophistication to make sure that any fiduciary policies, fidelity bonds and

---

[5] The Notice of Commencement of Chapter 11 Bankruptcy Case, Meeting of Creditors and Fixing of Certain Dates in Advanta's bankruptcy case dated November 24, 2009 states that there is no deadline for the filing of claims and that "[n]otice of a deadline will be sent at a later time." Notice at 2.

similar instruments (and the proceeds of such instruments) are earmarked solely for the 401(k) participant-class members.

- There may be additional bankruptcy-related complications in these already complex cases which should be dealt with by experienced counsel so that the interests of the class members are adequately protected. As discussed herein, if the Yates Plaintiffs' appointments are granted the Court would be appointing counsel with considerable and relevant bankruptcy experience to promptly take appropriate positions on behalf of the class in the bankruptcy case. If, on the other hand, the appointment of interim class counsel is deferred, it appears likely that several different law firms may file papers and take positions in the bankruptcy case, which would foster duplication of efforts, increase expense and yield unpredictable results. The better approach would be the prompt appointment of Interim Class Counsel herein.

**C.**     <u>**One Firm Should Be Appointed**</u>

It appears that initially the *Ragan* Plaintiffs were seeking the interim appointment of two law firms. It is better to have just one. Courts have recognized that multiple-firm appointments may result in "bureaucratic entanglements that would hamper the efficient representation of the class" and result in "inefficient representation." *See, e.g, Smith v. Aon Corp.*, No. 04 C 6875 (N.D. Ill. May 3, 2005). Assuming that the *Ragan* Plaintiffs' Corrected Memorandum states the intention to have only a single interim class counsel appointed, the Yates Plaintiffs agree. The only questions is whether it should be BTKMC or SS&B.

There is no question that BTKMC is competent and experienced in ERISA class action litigation. Indeed, BTKMC and SS&B were co-counsel in the settled $100 million dollar Time-Warner ERISA case identified herein and in the *Ragan* Plaintiffs' Corrected Memorandum. The BTKMC and SS&B continue to serve together in a leadership capacity in other ERISA class actions. The Advanta bankruptcy, however, and SS&B's extensive bankruptcy experience in similar matters argues for the appointment of SS&B as the better able of the two highly qualified firms to serve as interim class counsel.

BTKMC's Philadelphia-area location does not weigh in favor of that firm's appointment.[6] Nor does BTKMC motion's mention of "support" from the Izard firm add any weight to its application. The Yates Plaintiffs certainly acknowledge the extensive ERISA experience of the Izard firm (the Izard firm, with SSB and BTKMC, were the three co-lead counsel in connection with the $100 million settlement of the Time Warner ERISA case cited throughout the competing appointment papers). BTKMC is certainly competent and experienced in cases of this nature, but whether it has the support of another law firm or firms is not relevant to the Court's determination of which firm is "best able" to represent the Class.

       **D.**      **SS&B Should Be Appointed Interim Lead Counsel**

SS&B amply satisfies the requirements of Rule 23(g)(1) for appointment as interim class counsel, in that they have performed significant work in this case, have extensive experience in ERISA, bankruptcy-related experience and class action litigation, and will commit the resources necessary to represent the Class.

       **III.**      **CONCLUSION**

For the foregoing reasons, the Yates Plaintiffs respectfully request that the Court deny the *Ragan* Plaintiffs' motion to the extent that it seeks the appointment of BTKMC as interim lead counsel. For the reasons expressed herein, SS&B is the best able to represent the Class and so

---

[6]      That BTKMC has an office in the Philadelphia area while SS&B's office is in New York City gives no edge to BTKMC. *See, e.g., TIG Ins. Co. v. Century Indem. Co.*, 08 CIV 7322 (JFK), 2009 WL 1564112, at *6 (S.D.N.Y. June 5, 2009) (noting that the close proximity to New York City to Philadelphia provides no basis for a case transfer based on the convenience of witnesses).

should be appointed. The other relief requested by the *Ragan* Plaintiffs motion should be granted. As required by L.R. 7.1(a), a proposed form of order accompanies this response.[7]

Dated:  December 9, 2009

> **DONOVAN SEARLES, LLC**
>
> By: _____
>      Michael D. Donovan
> 1845 Walnut Street, Suite 1100
> Philadelphia, PA 19103
> Tel:  (215) 732-6067
> Fax: (215) 732-8060
> Email: mdonovan@donovansearles.com
>
> **STULL, STULL & BRODY**
> Edwin J. Mills
> Michael J. Klein
> 6 East 45th Street
> New York, NY 10017
> Tel: (212) 687-7230
> Fax: (212) 490-2022
> Email: emills@ssbny.com
> Email: mklein@ssbny.com
>
> **EGLESTON LAW FIRM**
> Gregory M. Egleston
> 360 Furman Street, Suite 443
> Brooklyn, NY 11201
> Tel: (646) 227-1700
> Fax: (646) 227-1701
> Email: greg.egleston@gmail.com
>
> *Attorneys for the Yates Plaintiffs*

---

[7]  The proposed Pre-Trial Order No. 1 appended herewith is substantially similar to the form of Order proposed by the *Ragan* Plaintiffs , except for the addition of the *Yates* caption, the differing appointment of interim class counsel and interim local counsel and a few minor other changes.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW A. RAGAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANTA CORP., DENNIS ALTER, MAX BOTEL, DANA BECKER DUNN, RONALD LUBNER, WILLIAM A. ROSOFF, PHILLIP M. BROWNE, PAUL JEFFERS, and DOES 1-10,<br><br>Defendants. | Civil Action: 2:09cv04974-CMR |
| PAULA HIATT, As Representative Of The Advanta Corp. Employee Stock Ownership Plan And The Advanta Corp. Employee Savings Plan, And On Behalf Of A Class Of Similarly Situated Participants In The Plans,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANTA CORP., DENNIS ALTER, MAX BOTEL, DANA BECKER DUNN, RONALD LUBNER, WILLIAM A. ROSOOF, PHILLIP M. BROWNE, PAUL JEFFERS, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action: 2:09cv5467-CMR |

## <u>DECLARATION OF EDWIN J. MILLS</u>

I Edwin J. Mills, hereby declare:

1.      I am of counsel to Stull, Stull & Brody ("SS&B"), one of the counsel for Pamela

G. Yates and Joann K. Claflin, the Plaintiffs in one of the three ERISA class action cases

pending in this District involving the 401(k) plans of Advanta Corp., *Yates v. Rosoff,* No. 2:09-cv-5746-CMR.  I make this Declaration to attest to facts pertaining to SS&B's proposal to be appointed interim class counsel in the to-be-consolidated ERISA case involving Advanta under Federal Rule of Civil Procedure 23(g).  I make this Declaration to attest to facts pertaining to my and SS&B's experience in complex class actions generally and ERISA class actions involving the allegedly imprudent offering of employer stock in 401(k) plans.  This Declaration also describes my and SS&B's relevant bankruptcy-related experience (Advanta having recently filed a Chapter 11 petition in the Bankruptcy Court for the District of Delaware).  This Declaration also describes my and SS&B's work in the *Yates* case to date.

2.      As to my and SS&B's general class action experience, I have tried or co-tried four class actions to verdict and have negotiated many settlements in class actions brought under ERISA and the federal securities laws.  For approximately the last seven years I have devoted my practice primarily to representing participants in 401(k) plans whose accounts have been diminished by alleged breaches of fiduciary duty.

3.      I am the attorney in charge for SS&B in connection with each of the ERISA class actions described in the SS&B firm biography which is annexed to this Declaration as Exhibit A (with the one exception of the ERISA class action against State Street Corp. identified in Exhibit A).  The ERISA class actions noted in the firm biography include the class actions against (a) AOL Time Warner resulting from the merger of AOL and Time Warner (settled for $100,000,000); (b) Cardinal Health, Inc. (settled for $40,000,000); (c) Tyco International, Inc. (District of New Hampshire, recently settled for $70,525,000); and (d) JP Morgan Chase and Co., relating to Chase's dealings with Enron (not settled, now on remand from the Second

2

Circuit Court of Appeals). I will be the attorney in charge for SS&B here if SS&B's request for appointment as interim class counsel is granted.

      4.    I also make this Declaration to identify my and SS&B's bankruptcy-related experience and other ERISA experience which may be useful and beneficial to the class of Advanta plan participants due to the recent Chapter 11 filing by Advanta. My and SS&B's relevant bankruptcy experience includes:

      (a)    In 2002, Conseco, Inc. filed a Chapter 11 case in the Bankruptcy Court for the Northern District of Illinois (Case 02-B-49672). At that time, I was representing a class of 401(k) plan participants in a breach of fiduciary class action pending in the United States District Court for the Southern District of Indiana (*Russell v. Conseco Services, LLC, et. al.*, Case No. 1:02-CV-1639 LJM). That class action had named as defendant Conseco, Inc., prior to its bankruptcy filing and other non-bankrupt fiduciaries of Conseco's 401(k) plan. In the Conseco bankruptcy case, I caused to be filed a class-wide proof of claim to protect the interest of the plan participants. I also filed papers and appeared in Bankruptcy Court to object to those portions of a proposed plan of reorganization (and related disclosure statement provisions) whereby it was proposed that the claims in the ERISA case be discharged against the non-debtor fiduciaries. Relying upon 11 U.S.C. § 524(e) and the case law, I (and other interested parties, including the Securities and Exchange Commission) argued against extending the discharge provision of Section 524(e) to the non-bankrupt fiduciaries. This reorganization plan provision was ultimately dropped. The Indiana class action continued against the non-debtor fiduciaries and was ultimately settled for slightly less than ten million dollars.

      (b)    I represented a class of security holders in connection with the Chapter 11 bankruptcy of The Caldor Corporation (Caldor Department Stores) (Case No. 95 B 44080 JLG

(S.D.N.Y.)).  In that case, I examined witnesses prior to and during the hearing on preliminary injunction to stay the securities fraud class action then pending against Caldor and certain of its executives.  Although the bankruptcy court did issue a preliminary injunction temporarily staying the plenary action, that action was ultimately settled for the benefit of the securities purchaser class (which I jointly represented with other attorneys).

        (c)     In connection with the Chapter 11 bankruptcy of Equimed, Inc. (Case No. 00-1-1147-PM, District of Maryland), I represented a class of securities purchasers.  In that bankruptcy case, I filed objections to the proposed treatment of certain insurance proceeds as "estate property" and also dealt with the ramifications of a liquidation involving one of the co-insurers.  That bankruptcy case ultimately ended with the claims of the security purchaser class intact and the insurance intact.  The securities class action case later settled in this District, where I served as sole lead counsel.  That case was *In re Equimed Securities Litigation,* 98-cv-5374 (NS).

    5.     With regard to my and SS&B's work in the *Yates* case to date, that work includes speaking to members of the proposed 401(k) participant class; the drafting of the complaint in the *Yates* case, including the decision to name as a defendant the committee which administered Advanta's plans; the transmittal to a representative of the plans of a demand for plan-related documents to which participants are entitled under Section 104(b) of ERISA (on November 17, 2009); service of notice of this action on the Secretary of Labor and the Secretary of the Treasury, on December 4, 2009, pursuant to Sec. 502(h) of ERISA, and the continuing investigation of the claims which have been asserted in *Yates,* including the possibility of adding additional claims and/or additional parties defendant in the consolidated pleading which is likely to be filed if the joint request of Plaintiffs in the three ERISA cases for consolidation is granted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 9, 2009

_____
Edwin J. Mills

# EXHIBIT A

# STULL, STULL & BRODY

### ATTORNEYS AT LAW

6 EAST 45th STREET
NEW YORK, N.Y. 10017

TELEPHONE
(212) 687-7230

TELECOPIER
(212) 490-2022

10940 WILSHIRE BOULEVARD
SUITE 2300
LOS ANGELES, CA  90024

TELEPHONE
(310) 209-2468

TELECOPIER
(310) 209-2087

# FIRM RÉSUMÉ

## I.    Introduction

Stull, Stull & Brody's excellent lawyering and results have been recognized for over forty years.  Stull, Stull & Brody has offices in both New York City and Los Angeles, enabling the firm to efficiently handle class actions on a nationwide basis.  Due to the consistency and seniority of its attorneys, including six attorneys who have been with the firm for more than twenty years and an additional four attorneys who have been with the firm for close to ten years, we are able to leverage vast experience efficiently and effectively.  Stull, Stull & Brody consistently delivers favorable results on behalf of the classes that it represents.  Because of its successes over the past 40-plus years, Stull, Stull & Brody has developed a national reputation representing plaintiffs in complex class action and derivative cases.  With seventeen attorneys and a full complement of secretarial and administrative personnel, Stull, Stull & Brody is capable of effectively prosecuting all types of complex litigation.  Our lawyers possess outstanding credentials and our firm has repeatedly been acknowledged for its outstanding achievements.

Recently the firm has concentrated, in large part, on protecting the rights of retirement plan participants under Employee Retirement Income Security Act's ("ERISA") duty of prudence.  Stull, Stull & Brody has been one of the pioneers of ERISA company stock fund litigations since the filing of *In re Lucent Technologies, Inc. ERISA Litig.*, which was one of the first cases of its kind (described in more detail below, and which the *Lucent* Court recognized as "new ground").[1]  Stull, Stull & Brody has been on the forefront of ERISA company stock fund litigations since their inception.  The firm has briefed and continues to brief cutting-edge legal arguments and analyses to maximize its recoveries on behalf of 401(k) plans and plans participants. .

---

[1] These ERISA company stock fund suits generally allege that a company stock fund was offered in a Company's 401(k) plan while (1) the fund was imprudent, (2) insufficient information was given to a plan's participants about the true and accurate risk of the company stock fund investment options, and (3) certain directors or executives failed to properly monitor a plan's fiduciaries and inform those fiduciaries of information necessary to properly administer a 401(k) plan.

The firm has represented claimants in numerous class actions alleging ERISA violations.   In these ERISA actions, Stull, Stull & Brody has recovered hundreds of millions of dollars on behalf of 401(k) plan participants for alleged violations of ERISA's strict duty of prudence.  Stull, Stull & Brody has extensively briefed all aspects of these ERISA company stock fund litigations, including summary judgment briefings on liability and damages.  The *In re AOL Time Warner ERISA Litigation* Court noted that Stull, Stull & Brody and co-lead counsel's recovery in that case was "one of the largest ERISA settlements to date" and it remains the second largest recovery in an ERISA stock fund litigation to date.[2]

Stull, Stull & Brody's ERISA experience is further detailed below.

Stull, Stull & Brody has also handled every aspect of securities class action litigation, including initial investigation, extensive pre-trial discovery, trial, post-trial motions, and appeals.   Stull, Stull & Brody has been involved in a host of such litigations, having successfully represented plaintiffs, as a lead counsel, in hundreds of cases recovering billions of dollars in damages on behalf of investors.

The firm's efforts have been recognized, as reflected in the letter annexed hereto, by a late member of the United States Congress, the Representative Paul E. Gillmor, Rep. Ohio 5th District.   As The Honorable Paul E. Gillmor wrote to The Honorable Stanley E. Chesler, U.S.D.J. on January 2, 2007, in connection with the *In re Merck & Co., Inc. Securities, Shareholder Derivative and ERISA Litig.*, (MDL 1658); Case no 3:05-CV-01151:

> I was one of the court appointed lead plaintiffs in *In re Safety-Kleen Rollins Shareholders Litigation*, Civil Action No. 3:00-CV1343-17, which was pending before Judge Joseph Anderson in the District of South Carolina.  In that case, which alleged, among other things, violation of the Securities Exchange Act of 1934, I and the other court appointed lead plaintiffs selected Stull, Stull & Brody to be one of the lead counsel for the plaintiffs.  That case resulted in a settlement recovery for the class of a very substantial portion of the money that could have been recovered if the case had gone to trial net of attorneys fees, expenses and administration fees.
>
> During the course of that litigation, which lasted for about five years, Stull, Stull & Brody kept me apprised of all significant developments in the action such as class certification, settlement negotiations, litigation strategy, pending motions, court rulings and trial preparation.  I would regularly speak to counsel by telephone at which time the

---

[2] *See* ERISA Class Action Settlements & Attorney Fees chart maintained by Fiduciary Counselors Inc., *available at* http://www.erisasettlements.com/press/ERISA-Chart.pdf.

foregoing topics would typically be discussed and I would
have the opportunity to ask questions and provide input.

## II.    Courts Routinely Recognize the Excellent Lawyering of Stull, Stull & Brody

Stull, Stull & Brody has been recognized by numerous Courts for the high quality
of its legal representation and for its excellence in the field of ERISA litigation as
evidenced by the following comments of judges in cases where Stull, Stull & Brody has
taken a leading role.  For example:

> Counsel take justifiable pride in their accomplishments.  The
> quality of their filings was impressive.  Counsel defeated well
> developed motions to dismiss, filed by skilled and renowned
> defense lawyers.  Even more importantly, they used the
> mediation process to persuade reluctant and determined
> defendants to part with settlement dollars well above those
> expected.
>
> The service was praiseworthy in all respects. . . .

*In re AOL Time Warner, Inc. Securities and ERISA Litig.*, No. 02-1500 (S.D.N.Y), Report
& Recommendation of Special Master dated August 7, 2007 at 30, approved by the
Court by Memorandum Opinion dated October 26, 2007; *id.* at 37 (noting that Stull, Stull
& Brody and co-counsel's obtaining an additional $30 million recovery for the class in
addition to the independent fiduciary's expected settlement value of $70 million "stands
out as some of the hardest work and most outstanding results" and finding that "counsel
exceeded the expectations of the independent fiduciary and stretched the defendants'
settlement tolerances beyond their limits."); *id.* at 42-43 (recognizing counsel's
"commendable work and their fidelity to the class in the face of risks.")

As recognized by the court in *In re Lucent Technologies, Inc. ERISA Litig.*:

> [Stull, Stull & Brody and co-counsel] vigorously and
> aggressively pursued every possible source of value, even
> achieving meaningful therapeutic relief.  The Settlement is
> reasonable in light of the best possible recovery and
> represents [] a very substantial portion of the likely recovery
> in this case. . . .
>
> . . . As noted above, Plaintiffs were embarking on "new
> ground" in pursuing this litigation[.]  Plaintiffs could rely on
> only a single favorable case, *Ikon*, at the time.  With little
> case law and challenging substantive proofs ahead, the
> outcome of the lawsuit was, at best, questionable.

Case No. 10-cv-3491 (S.D.N.Y.) (Opinion and Order, March 15, 2004, at p. 21) (Pisano, J.) (emphasis in original).  See also *Reinhart v. Lucent Techs., Inc.* (*In re Lucent Techs., Inc. Sec. Litig.*), 327 F. Supp. 2d 426, 446 (D.N.J. 2004):

> This case involved alleged breaches of fiduciary duties relevant to Lucent stock funds held by 401k plan participants. This type of ERISA claims is novel - so much so, that Lucent and its insurers initially contended that the ERISA Class could not recover even if the Class proved the alleged fraud. The ERISA Class, however, maintained its claims and sought monetary damages to recoup their losses and therapeutic changes to the structure of the Plans, particularly the LTSSP. . . .

As recognized by the court in *In re Cardinal Health, Inc. ERISA Litig.*:

> Each firm has an impressive resume and is qualified to be lead counsel, but the Court finds the McKeehan Plaintiffs' proposed counsel, Schatz & Nobel and Stull, Stull & Brody, will best be able to represent fairly and adequately the class because of their extensive experience in ERISA litigation. *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding the proposed counsel's "experience in, and knowledge of, the applicable law in this field" the "most persuasive" factor when choosing lead counsel).

225 F.R.D. 552, 556 (S.D. Ohio 2005); *id.* ("[Co-counsel and] Stull, Stull & Brody have also demonstrated a commitment to identifying and investigating potential claims in the action").

> [A] high level of skill in this area of the law was necessary to perform the legal services in this case properly[.]  Plaintiffs' counsel possessed the requisite level of experience, reputation and ability in the field of ERISA class actions and other complex litigation[.] the high quality of plaintiffs' counsel's work culminated in the successful resolution of this complex case.  This was demonstrated by their successful and commendable prosecution of this case through the motion to dismiss stage and the ultimate settlement of this case under favorable terms.");

*In re Sprint Corp. ERISA Litig.*, No. 03-2202 (D. Kan.) (Aug. 3, 2006) at 335; *id.* at 33 ("the results obtained by virtue of the settlement are extraordinary compared to the anticipated difficulties of establishing significant amounts of damages even if plaintiffs could have overcome the numerous obstacles for establishing liability"); *see also In re Tyco International, Ltd. Securities Litig.*, Case No. 02-1335 (D.N.H. Dec. 20, 2002) at 2 (finding that Stull & Brody and its co-counsel "have the necessary resources, skill

and commitment to effectively represent the proposed class" and "extensive experience in both leading class actions and prosecuting ERISA claims." and that Stull, Stull & Brody and its co-counsel "have demonstrated their consistent commitment to this case by filing several well-argued briefs with the Court on a range of issues"); *Hill v. Tribune Co.*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. 2005) (finding "that the Stull Group has more experience and possibly greater resources" than the other applicant for lead counsel).

In addition, for over the past thirty years Stull, Stull & Brody has been recognized by numerous Courts for the high quality of its legal representation and for its excellence in the field of securities as evidenced by the following comments of judges in cases where Stull, Stull & Brody has taken a leading role:

> All the firms involved in this litigation are highly experienced and well respected, particularly in the field of securities law litigation.  The Stull . . . firm [is one] of this area's, if not the nation's most active and successful law firms specializing in securities litigation.

*Stull v. Baker*, 410 F. Supp. 1326, 1332 (S.D.N.Y. 1976).

> The firms involved, I think we heard from several of them today, the papers that have been submitted, it is clear of the dedication, devotion, professionalism, and in the court's view efficiency of these firms, so there is no question in the court's mind of the quality of the representation.

*In re American Express Fin'l Advisors Sec. Litig., 04* Civ. 1773 (DAB) (S.D.N.Y. July 13, 2007).

> [T]his is one of the largest, if not the largest, securities fraud settlements in this district.  The settlement size is particularly noteworthy as class counsel did not have the benefit of an SEC or other regulatory agency investigation and so prosecuted the case without assistance. . . .   The management of the case was also of extremely high quality. . . . [C]lass counsel is of high caliber and has extensive experience in similar class action litigation.  Each of the co-lead counsel firms has a national reputation for advocacy in securities class actions, and there is no doubt that this standing enhanced their ability to prosecute the case effectively and to negotiate credibly. . . .   The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filing in a timely manner even when under tight deadlines.

*In re Ikon Office Solutions, Inc Securities Litigation*, 2000 U.S. Dist. LEXIS 6510 (E.D. Pa. May 9, 2000).

> I am satisfied that counsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation . . . well prepared, well spoken, []knew their stuff and []were a credit to their profession.  They are the top of the line.

*In Re Electro-Catheter Corporation Securities Litigation*, Civ. No. 87-41 (D.N.J. Sept. 7, 1989).

> The court takes note of the competence of both plaintiffs' counsel and defendants' counsel and their extensive experience in litigating securities class actions.  The competence of plaintiffs' counsel resulted in this case being vigorously and efficiently prosecuted against very able opponents over a twenty month period and was a factor in bringing about settlement.

*Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997).

> This case is a "model for how commercial litigation should be conducted and can be resolved."  *Bash v. Diagnostek*, CV 94-794 M (D.N.M.).

> Indeed, I indicate to. . .counsel for plaintiff that they have done an admirable job in this case in bringing it to finality and in bringing back to the shareholders of this corporation some moneys [sic] as a result of certain things which occurred during the course of the operation of this corporation which perhaps should not have occurred.

*Finkel v. O'Brien*, Civ. No. 85-2539 (D.N.J. March 27, 1990).

Stull, Stull & Brody's expertise in the field of securities litigation has also been recognized by the following courts: *In re Frontier Group Insurance, Inc. Securities Litigation*, 172 F.R.D. 31 (E.D.N.Y. 1997); *In re Allegheny International Inc. Shareholder Litigation*, 86-835 (W.D. Pa.) (Order, December 10, 1987, Diamond J.); *Zucker v. United States Steel*, C-1-79-588 (S.D. Ohio) (Order, October 14, 1981, Rubin, C.J.); *Friedman v. Colgate Palmolive*, 80 Civ. 2340 (CPS) (E.D. N.Y.) (Order, June 16, 1981, Sifton, J.); *Zuckerman v. Sparton*, G79-457-C.A. (W.D. Mich.) (Opinion and Order, April 14, 1981, Fox, J.); *Mottoros v. Abrams*, 524 F. Supp. 254 (N.D. Ill. 1981); *Koenig v. Smith*, 79 C 452 (ERN) (E.D.N.Y.) (Memorandum Opinion and Order, December 3, 1980, Neaher, J.); *Koenig v. Kenneally*, 79 Civ. 0487 (LBS) (S.D.N.Y.) (Opinion No. 49289, November 5, 1979, Sand, J.); *In Re Commonwealth Oil-Tesoro Petroleum Securities Litigation*, MDL No. 347 (Order, July 24, 1979, Higginbotham, J.); *Wietschner v. McCulloch*, CV 78-4036-RMT (C.D. Ca.) (Order, June 29, 1979, Takasugi, J.); *Fruchthandler v. LTV Corp.*, 77C 1879 (E.D.N.Y.) (Order, May 10, 1978, Nickerson, J.); *Lewis v. Adikes*, 76 F.R.D. 68 (E.D.N.Y. 1977); *Lewis v. Black*, [1976-77 Transfer Binder] Fed. Sec. L. Rep.

(CCH) ¶ 95,738 (E.D.N.Y. 1976) (Mishler, C.J.); *Fruchthandler v. Blakely*, 73 F.R.D. 318 (S.D.N.Y. 1976).

### III.    Seminal Cases

Throughout its 30 year history, Stull, Stull & Brody has been involved with a number of seminal cases that have significantly affected the landscape of ERISA and securities litigation.

o   In the *Lucent ERISA* litigation the firm was largely responsible for a frequently-cited ruling by the District Court dated February 11, 2002, where the Court denied a motion to stay the ERISA litigation against Lucent until resolution of a related securities class action against the company.  Stull, Stull & Brody's briefing on the stay motion pointed out the many significant differences between ERISA and securities class actions, even when the ERISA and securities cases involve the same factual issues.  The District Court ultimately ruled that "resolution of the securities class action . . . will not necessarily resolve all issues in this matter" and "[t]he legal issues here will still have to be determined, and a stay or continuance shall not change that fact."  *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J. 2005)

o   In the appeal of a dismissal of *In re AEP ERISA Litigation*, Stull, Stull & Brody successfully argued that the plaintiff, who had "cashed out" of his 401(k) plan, had standing to sue.   The Sixth Circuit Court of Appeals agreed and remanded the case for further proceedings.  *Bridges v. American Electric Power Co., Inc.*, 498 F.3d 442 (6th Cir. 2007).

o   In *Rand v. Monsanto Company*, 926 F.2d 596 (7th Cir. 1991),the firm appeared for the plaintiff in a landmark decision establishing the principle that a representative plaintiff need not be willing to bear all costs of an action to satisfy the adequacy of representation requirement.

o   In *Small v. Fritz Companies Inc.*, 30 Cal.4th 167 (2003), the firm successfully argued before the California Supreme Court that a non-trading shareholder has the right to sue a corporation for damages where the shareholder relies on false financial statements issued by the corporation.  The decision represented a significant doctrinal change and was widely heralded as a potent new weapon for investors.

o   In *Lewis v. Black*, 74 F.R.D. 1 (E.D.N.Y. 1975), the firm established that neither the personality nor the motive of a proposed class representative was determinative of whether he would provide vigorous advocacy for the class, thereby preventing defendant corporations from compelling representatives to respond to questions regarding motives and actions in past cases.

o   In *In re Cabletron Systems, Inc. Securities Litigation*, 311 F.3d 11 (1st Cir. 2002), the firm was instrumental in obtaining a reversal of a dismissal of a complaint under the pleading requirements of the Private Securities Litigation Reform Act.

This case established in the First Circuit that plaintiffs are not required to provide the names of informants in a complaint.

o In *In re Frontier Group Insurance Litigation*, Master File No. 94 Civ. 5213 (E.D.N.Y. 2002), the firm was instrumental in defeating a *Daubert* challenge and sustained the ability of the expert to testify as to aggregate damages based on the use of a trading model.

o In *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D. Ill. 1988), the firm established the applicability of the fraud-on-the-market theory of reliance for stocks trading on NASDAQ.

o The firm was instrumental in establishing new law on "fraud on the market" theory in the 5th Circuit decision of *Finkel v. Docutel/Olivetti Corporation*, 817 F.2d 356 (5th Cir. 1987), cert. denied, 485 U.S. 959 (1988), and, in the Northern District of Illinois decision of Mottoros v. Abrams, 524 F. Supp. 254 (N.D. Ill. 1981).

o In *Howard v. Everex*, 228 F.3d 1057 (9th Cir. 2000), Stull, Stull & Brody successfully advocated that a corporate officer can be liable in a private antifraud action for signing a document filed with the SEC that he knows (or is reckless in not knowing) contained misrepresentations, even if the officer was not involved in preparing the document.  The 9th Circuit decision was a precursor to Section 302(a) of the Sarbanes-Oxley Act of 2002 which now requires corporate officers that sign documents filed with the SEC to certify the accuracy of information therein.

As a lead counsel, Stull, Stull & Brody has successfully litigated hundreds of actions, recovering over one billion dollars on behalf of defrauded shareholders. A sampling of these cases in which Stull, Stull & Brody had a leading role include:

## A. Settled ERISA Actions

o *In re AOL Time Warner ERISA Litigation*, Civil Action No. 02 CV 8853 (SWK) (S.D.N.Y. 2006) (recovery of $100 million in cash to the company's 401(k) plan in what the court noted was "one of the largest ERISA settlements to date")

o *In re Global Crossing Ltd. ERISA Litig.*, Master File No. 02-cv-7453 (GEL) (S.D.N.Y. 2004)  (Stull, Stull & Brody served as liaison counsel for the class in a case which recovered a payment of $79 million to the company's 401(k) plan)

o *Overby v. Tyco International, Ltd.*, Case No. 02-CV-1357-B (D.N.H.) (settlement of $70.525m in cash; over 80 million pages of discovery were produced to counsel and over 250 days of deposition were taken)

o *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J. 2005) (recovery of $69 million in cash and stock to the company's 401(k) plan)

- o *In re Worldcom, Inc. ERISA Litig.*, Master File No. 02-4816 (DLC) (S.D.N.Y. 2005) (Stull, Stull & Brody served as local counsel for the class in a case which recovered $47.15 million for the company's 401(k) plan)

- o *Harrington v. Household International, Inc.*, Civil Action No. 02 C 8257 (SY) (N.D. Ill. 2004) (recovery of $46.5 million in cash to the company's 401(k) plan)

- o *In re Cardinal Health, Inc. ERISA Litig.*, No. C2-04-643 (ALM) (S.D. Ohio 2007) (recovery of $40 million in cash to the company's 401(k) plan)

- o *Zilhaver et al. v. UnitedHealth Group, Inc. et al*, Case No. 06-cv-2237 (JMR) (D. Minn.) (a settlement of $17 million cash to the company's 401(k) plan approved in August of 2009)

- o *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02 C 8324 (JWD) (N.D. Ill. 2007) (recovery of $14.5 million in cash to the company's 401(k) plan)

- o *Russell v. Conseco Services, LLC* 1:02-cv-1639-LJM (S. D. Ind. 2005) (recovery of $9.975 million in cash to the company's 401(k) plan)

- o *In re Sprint Corporation ERISA Litig.*, Master File No. 2:03-CV-02202-JWL (D. Kan. 2006) (recovery of $4 million in cash, as well as benefits to participants in the company's 401(k) plans including: increased vesting of employee accounts; increased company matching of employer contributions; a number of participant-friendly plan amendments; and improved participant communications)

- o *In Re Affiliated Computer Services ERISA Litig.*, Master File No. 06-CV-1592 (CBA) (N.D. Tex.  2008) (recovery of $1.5 million in cash, as well as benefits to the participants in the company's 401(k) plans including: participant communications advising of the risk of investing individual accounts solely in ACS stock, matching in cash instead of company stock, lifting restrictions on company matching contributions, additional communications to all participants about the risks of the ACS stock fund)

- o *Page v. Impac Mortgage Holdings, Inc.*, 8:07-cv-01447-AG-MLG (C.D. Cal.) (recovery of $300,000 in stock deposited into plan participants retirement accounts)

### B. Settled Securities Class Action Cases

- o *In re Bankamerica Corp. Securities Litigation*, MDL No. 1264 (E.D. Mo. 2002) (recovery of $333.2 million)

- o *In re Geodyne Resources, Inc. Securities Litigation* (Harris County Tex.) (recovery of $200 million)

- o *In re Computer Associates Sec. Litig.*, Master File No. 98-CV-4839 (TCP) (E.D.N.Y. 2003) (recovery of 5.7 million shares (estimated at $134 million))

- o *Spahn v. Edward D. Jones & Co., L.P. et al.*, 04-CV-00086 (E.D. Mo. 2007) (recovery of $72.5 million in credits for current Edward Jones customers and $55 million in cash for former Edward Jones customers.  In addition, defendants paid all reasonable costs and expenses of class notice and settlement administration)

- o *In re American Express Financial Advisors Sec. Litig.*, 04-CV-1773 (S.D.N.Y.) (recovery of $100 million in cash and implementation of significant remedial measures.  In addition, defendants paid all reasonable costs of class notice and settlement administration, which is currently estimated to be $15 to 18 million)

- o *In re Ikon Office Solutions, Inc. Securities Litigation*, MDL No. 1318 (E.D. Pa. May 9, 2000) (recovery of $111 million)

- o *In re Salomon Brothers Treasury Litigation*, Consolidated Action No. 91 Civ. 5471 (RPP) (S.D.N.Y. 1994) (recovery of $100 million)

- o *In re Westinghouse Securities Litigation,* Civil Action No. 91-354 (W.D. Pa. 1999) (recovery of $67.25 million)

- o *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca. 2006) (recovery of $56.29 million for partial settlement of claims)

- o *In re Thomas & Betts Securities Litigation*, Case No. 00-2127 (W.D. Tenn. 2002) - related case:  *Pifko v. KPMG LLP*, Civ. Action No. 01-CV-2553 (W.D. Tenn. 2004) (recovery of $51.15 million)

- o *In re Tenneco Inc. Securities Litigation*, Civ. Action No. H-91-2010 (S.D. Tex. 1992) (recovery of $50 million)

- o *In re Apria Healthcare Group Securities Litigation*, Master File No. 797060 (Superior Court of California, Orange County) (recovery of $42 million)

- o *Thomas Levitan v. John B. McCoy, Jr., et al.*, Case No. 00 C 5096 (N.D. Ill. 2006) *(recovery of $39.9 million)*

- o *In re Cannon Group Securities Litigation*, 86-5559-WMB (JRx) (C.D. Ca. 1988) (recovery of $33 million)

- o *Teichler v. DSC Communications Corporation*, CA 3-85-2005-T (N.D. Tex. 1990) (recovery of $30 million)

- o *Berger v. Compaq Computer Corp.*, Civ. Action No. 98-1148 (S.D. Tex. 2002) (recovery of $28.65 million)

- o *In re: Northeast Utilities Securities Litigation*, Civil Action No. 397 CV 00189 AVC (D. Ct.) (recovery of $25 million)

o *Lasky v. Brown (United Companies Financial Corporation) Securities Litigation*, Civil Action No. 99-1035-B-M2 (M.D. La. 2002) (recovery of $20.5 million)

o *Lasker et al v. Kanas et. al*, Index No. 103557/06 (New York County, NY) (recovery of $20 million and other consideration)

o *Feinberg v. Hibernia Corp.*, Civil Action No. 90-4245 (E.D. La. 1995) (recovery of $20 million)

o *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, Master File No. 98 Civ. 4318 (HB) (S.D.N.Y.) (recovery of $18.5 million)

o *In re Rambus, Inc. Securities Litigation*, Master File No. C-06-4346-JF  (N.D. Cal. 2008) (recovery of $18.33 million)

o *In re C.R. Bard, Inc. Securities Litigation*, Master File No. 90-948 (AMW) (D.N.J. 1991) (recovery of $17.9 million)

o *Spring v. Continental Illinois Corporation*, 84 C 4648 (N.D. Ill. 1987) (recovery of $17.5 million)

o *Morse v. Abbott Laboratories*, C.A. No. 90 C 1982 (N.D. Ill. 1994) (jury verdict of $15 million)

o *In re Green Tree Financial Corporation Stock Litigation*, Master File No. 97-2666 (JRT/RLE) (D. Minn. 2003) ($12.45 million)

o *In re Elscint Securities Litigation*, Civ. Action No. 85-2662-K (D. Mass. 1989) (recovery of $12 million)

o *In re National Medical Enterprises Securities Litigation II*, Case No. CV 93-5224 TJH (Bx) (C.D. Ca.) (recovery of $11.65 million)

o *Bash v. Diagnostic, Inc.*, Civil Action No. 94-784 (D.N.M.) (recovery of $10.7 million)

o *In re Cybermedia, Inc. Securities Litigation*, Master File No. 98-1811CBM (Ex) (C.D. Ca.) (recovery of $10.5 million)

o *In re Cabletron Systems, Inc. Sec. Litig.*, C 97-542 (D.R.I. 2006) (recovery of $10.5 million)

o *In re Physicians Corp. of America Sec. Litig.*, Case No. 97-3678-CIV (S.D. Fla. 2003) (recovery of $10.2 million)

o *In re Complete Management Inc. Sec. Litig.*, Master File No. 99 Civ. 1454 (NRB) (S.D.N.Y.) (recovery of $10.15 million)

o *In re U.S.A. Detergent Securities Litigation,* 97-CV-2459 (D.N.J. 1999) (recovery of $10 million)

o *In Re: Biopure Corporation Sec. Litig.*, Docket No. 03-CV-12628 (NG) (D. Mass. 2007) (cash recovery of $10 million)

o *In re Nice Systems, Ltd. Securities Litigation*, Master File No. 2:01 CV 737 (Judge Greenaway) (D.N.J. 2003) (recovery of $10 million)

o *Harman v. Lyphomed*, 88 C 476 (N.D. Ill. 1989) (recovery of $9.99 million)

o *In re Beverly Enterprises, Inc. Securities Litigation*, Master File No. CV 88-01189-RSWL (Tx) (C.D. Ca. 1992) (recovery of $9.975 million)

o *Greenfield v. Compuserve Corp.*, Case No. 96-CV-06-4810 (Franklin County, Ohio) (recovery of $9.5 million)

o *In re Stratosphere Securities Litigation*, Master File No. CV-S-96-00708-PMP (RLH) (D. Nev.) (recovery of $9 million)

o *In re Steven Madden Ltd. Securities Litigation*, No. 00-CV-3676 (JG) (E.D.N.Y. 2002) (recovery of $9 million)

o *In re Gibraltar Financial Corporation Securities Litigation*, CV 87-07876 MRP (Gx) (C.D. Ca. 1989) (recovery of $8.5 million)

o *In re FHP Securities Litigation*, Master File No. SACV 91-580-GLT (RWRx) (C.D. Ca. 1992) (recovery of $8.25 million)

o *Zucker v. Maxicare Health Plans, Inc.*, Case No. 88-02499-LEW (Tx) (C.D. Ca. 1991) (recovery of $8.1 million)

o *In re Orion Pictures Corp. Securities Litigation*, Master File No. 91 CV 1903 (CBA) (E.D.N.Y. 1992) (recovery of $8 million)

o *Berlinsky v. Alcatel*, 94-CIV-9084 CBM (S.D.N.Y.) (recovery of $8 million)

o *In re Triton Energy Corporation Securities Litigation*, Master File No. 3:92-CV-1069-H (N.D. Tex. 1993) (recovery of $8 million)

o *In re Metris Companies, Inc. Sec. Litig.*, Civil Action No. 02-CV-3677 JMR/FLN (D. Minn. 2008) (recovery of $7.5 million)

o *In re Cityscape*, CV 97 5668 (E.D.N.Y.) (recovery of $7 million)

o *In re Dime Savings Bank of New York Securities Litigation*, MDL Docket No. 846 (E.D.N.Y. 1993) (recovery of $6.8 million)

- o  *In re Western Digital Securities Litigation*, SACV 91-375(A) GLT (RWRx) (C.D. Ca.) (recovery of $6.75 million)

- o  *In re Bank of New England Corporation Class Action and Shareholder Litigations*, C.A. Nos. 89-2582-S, 89-2811-S (D. Mass. 1992) (recovery of $6.5 million)

- o  *Bobbitt v. Andrew J. Filipowski, et al.*, No. 06-11072-PBS (D. Mass. 2008) (recovery of $6.3 million)

- o  *In re Berkshire Realty Company, Inc. Shareholder Litigation*, C.A. No. 17242 (Delaware Chancery Court 2004) (recovery of $6.25 million)

- o  *Gerstein v. Micron Technology, Inc., et al.*, Civil No. 89-1262 (D. Id. 1993) (recovery of $6 million)

- o  *In re Ziff-Davis, Inc. Securities Litigation*, Master File No. 98-CIV-7158 (SWK) (S.D.N.Y. 2002) (recovery of $6 million)

- o  *Dynegy Inc., et al. v. Bernard V. Shapiro, et al.*, No. 2002-00080, in the 129th Judicial District, Harris County, Texas (recovery of $6 million)

- o  *In re Ascend Communications Securities Litigation*, Case No. 97-9376 MRP (AN) (C.D. Ca. 2002) (recovery of $5.45 million)

- o  *In re Brightpoint, Inc. Securities Litigation*, Case No.  IP 01 1796 C-T/K (recovery of $5.25 million)

- o  *Kushner v. Wang Laboratories*, Civil Action No. 89-1963-Y (D. Mass. 1994) (recovery of $5 million)

- o  *In re SouthEast Banking Corp. Securities Litigation*, Master File No. 90-0760-CIV-MOORE (S.D. Fla. 1993) (recovery of $5 million)

- o  *Wells v. Southmark Corporation, et al.*, CA3-85-1518-G (N.D. Tex. 1992) (recovery of $5 million)

- o  *In re Regeneron Pharmaceuticals, Inc. Securities Litigation,* Civil Action No. 03 CV 311 (RWS) (S.D.N.Y. 2005) (recover of $4.7 million)

- o  *In re Sunglass Hut Intl., Inc. Securities Litigation*, Case No. 97-0191-CIV-MOORE (S.D. Fl. 2001) (recovery of $4.5 million)

- o  *Clive T. Miller v. Apropos Technology, Inc., et al.*, No. 01 C 8406 (N.D. Ill. 2004) (recovery of $4.5 million)

- o  *In re Fidelity Holdings Securities Litigation*, Case No. CV 00 5078 (CPS) (VVP) (E.D.N.Y. 2003) (recovery of $4.45 million)

- *Adam Burstyn, et al. v. Worldwide Xceed Group, Inc., et al.*, Case No. 01 CV 1125 (GEL) (S.D.N.Y. 2005)(recovery of $4.4 million)

- *In re NetEase.com Sec. Litig.*, Civil Action No. 01-CV-9405 (RO) (S.D.N.Y. 2003) (recovery of $4.35 million)

- *In re Flextronics, Inc. Sec. Litig.*, No. C-03-2102 PJH (N.D. Ca. 2004) (recovery of $4.25 million)

- *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997) (recovery of $4.2 million)

- *In re HMO America Securities Litigation*, Civ. No. 92 C 3305 (CPK) (N.D. Ill. 1993) (recovery of $4 million)

- *In re Nanophase Technologies Corporation Securities Litigation*, Case No. 98 C 3450 (N.D. Ill.) (recovery of $4 million)

- *In re Quintex Securities Litigation*, Master File No. CV-89-6182-R (C.D. Ca. 1990) (recovery of $4 million)

- *Walsingham v. Biocontrol Tech. Inc.*, Civil Action No. 96-809 (W.D. Pa.) (recovery of $3.7 million)

- *In re Irvine Sensors Corp. Sec. Litig.*, Master File No. SA 02-00159 GLT (MLGx) (C.D. Ca. 1994) (recovery of $3.5 million)

- *In re iTurf Inc. Shareholders Litigation*, Consolidated Civil Action No. 18242 NC (Delaware Chancery Court) (recovery of $3.25 million)

- *In re Safety Kleen Rollins Shareholder Litig.*, Case No. 3:00-1343-17 (D.S.C. 2005)(recovery of $3.15 million)

- *In re Kay Jewelers Securities Litigation*, Civil Action No. 90-1663A (E.D. Va. 1991) (recovery of $3 million)

- *Clarkson v. Greyhound Lines, Inc.*, 96-11329-C (Dist. Ct., Dallas County, Tex.) (recovery of $3 million)

- *In re TwinLab Corp. Securities Litigation,* Master File No. 00-CV-6975 (DRH) (E.D.N.Y. 2005) (recover of $3 million)

- *In re Spectrian Corp. Securities Litigation*, Master File No. C-97-4672-CW (N.D. Ca.) (recovery of $2.975 million)

- *Moriarty v. Molina*, Case No. 99-0255-CIV-MORENO (S.D. Fla. 2003) (recovery of $2.8 million)

- *In re Peritus Software Services, Inc. Securities Litigation*, Civ. Action No. 98CV10955 WGY (D. Mass. 2000) (recovery of $2.8 million)

- o *In re 2TheMart.com, Inc. Sec. Litig.*, Case No. 99-1127 DOC (ANx) (C.D. Ca. 2002) (recovery of $2.7 million)

- o *McBride v. Vision Twenty-One, Inc.,* Case No. 99-138-CIV-T-25F (M.D. Fl. 2003) (recovery of $2.5 million)

- o *In re Pharmaprint Inc. Sec. Litig.*, Civ. No. 00-61 (AJL) (D.N.J. 2003) (recovery of $2.3 million)

- o *In Re: Columbia Entities Litigation*, 04-CV-11704 (D. Mass. 2004) (reduction in the overall rate charged as advisory fees (i.e., "breakpoints) when the mutual funds advised by the advisers reach certain levels of assets under management, enhanced shareholder communications, and a $100,000 contribution to research expenses for the benefit of some or all of the settling funds)

### C. Settled Derivative Actions

- o *Esther Sadowsky Testamentary Trust, et al. v. Brendsel, et al. (Federal Home Loan Mortgage Corporation)*, 05-cv-2596 (Oct. 27, 2006) (recovery of approximately $100 million as well as significant corporate governance measures)

- o *In re Trump Hotels Shareholder Derivative Litig.*, 98-Civ-7820 (GEL) (S.D.N.Y. 2001) (recovery of assets for corporation valued in the range of $10 million)

## IV.   Pending Litigations

### A. Pending ERISA Class Action Cases in which Stull, Stull & Brody is serving as Plaintiffs' Lead or Co-Lead Counsel

- o *In re. Computer Sciences Corporation ERISA Litig.*, Case 2:08-cv-02398-SJO-JWJ (C.D. Cal.) (grant of summary judgment to defendants is currently on appeal)

- o *In re AEP ERISA Litigation*, Master File No. C2-03-67 (ALM) (S.D. Ohio)

- o *Howell et al. v. Koenemann, et al*, Case No. 03-CV-5044 (RRP) (N.D. Ill.) (grant of summary judgment to defendants is currently on appeal)

- o *In re: Diebold ERISA Litig.*, Case No. 06-cv-00170 (SEL) (N.D. Ohio) (settlement pending)

- o *Lanfear et al. v. Home Depot, et al*, 07-cv-197 (ODE) (N.D. Ga.)

- o *National City Corporation Securities, Derivative & ERISA Litigation*, 1:08-cv-07000-PAG (N.D. Ohio)

**B. Pending ERISA Action which Stull, Stull & Brody is prosecuting but has not been officially appointed as Plaintiffs' Lead or Co-Lead Counsel**

o *In re Boston Scientific Corp. ERISA Litig.*, Master File No. 06-cv-10105 (JLT) (D. Mass.)  (Stull, Stull & Brody is serving as counsel for Plaintiffs)

o *Taylor v. Keycorp et al.*, 1:08-cv-01927-DCN (N.D. Ohio)

o *Gearren et al. v. The McGraw-Hill Companies, Inc. et al.*, 1:08-cv-07890-RJS (S.D.N.Y.)

o *Brown v. Medtronic, Inc. et al.*, 0:08-cv-04904-RHK-AJB (D. Minn.)

o *Patten v. Northern Trust Corp. et al.*, 1:08-cv-05912 (N.D. Ill.)

o *Jones v. Novastar Financial, Inc. et al.*, 4:08-cv-00490-NKL (W.D. Mo.) (proposed settlement of $925,000 preliminarily approved)

o *Obester v. American Express Company et al.*, 1:08-cv-10834-JGK (S.D.N.Y.)

o *Fisher v. JP Morgan Chase & Co., et al.*, 03-CV-3252 (SHS) (S.D.N.Y.)

o *Kenney v. State Street Corp*, No. 09-10750-PBS (D. Mass.)

o *Walter v. Level 3 Communications, Inc.*, 1:09-cv-00658-REB (D. Colo.)

o Leach v. Textron Inc., 09-383-ML-LDA (D. R.I.)

**C. Pending Securities Class Action Cases in which Stull, Stull & Brody is serving as Plaintiffs' Lead or Co-Lead Counsel**

Stull, Stull & Brody is presently serving as plaintiffs' lead or co-lead counsel in a number of pending actions in various district courts, including:

o *Bachman v. AG Edwards, Inc., et al.*, Cause No. 22052-01266-02 (Mo. Cir. Ct.)

o *In re Arotech Corp. Securities Litigation*, Master File No. 07-CV-1838 (RJD) (VVP)

o *In re FleetBoston Financial Corp. Sec. Litig.*, Civ. No. 02-4561 (WGB) (D.N.J.)

o *In Re: Interlink Electronics Inc. Sec. Litig.*, 05-CV 08133 (AG) (SH) (W.D. Cal.)

o *In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litig., MDL No. 1658 (SRC)*, Case No. 2:05-CV-01151-SRC-MF, (D.N.J.); Case No. 2:05-CV-02367-SRC-MF (D.N.J.)

- o *In re Mutual Funds Investment Litig.*, MDL 1586, Case No. 04-MD-15863 (JFM) (D. Md.); *Parthasarathy v. RS Investment Management, L.P., et al.*, Case No. 04-cv-3798-JFM (D. Md.)

- o *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca.) (for Securities Act of 1933 claims)

- o *In re Priceline.com, Inc. Sec. Litig.*, Master File No. 3:00CV01884 (AVC) (D. Conn.)

- o *In re Rhythms Sec. Litig.*, Civil Action No. 02-K-35 (GCL) (D. Co.)

- o *In re Xerox Sec. Litig.*, Civil Action No. 3:99 CV 2374 (AWT) (D. Conn.)

### D. Pending Derivative Cases

- o *Pincus v. Browne, et al. (BP p.l.c.)*, 06-cv-6168 (S.D.N.Y. Aug. 14, 2006)

- o *Lasker v. Massengill (In re State Court Western Digital Corp. Deriv. Litig.)*, 06-CC-00159 (Cal. Super. Ct., Orange County Aug. 14, 2006)

- o *In re Foundry Networks, Inc. Deriv. Litig.*, 1:06-cv-068878 (Cal. Super. Ct., Santa Clara County Aug. 9, 2006)

- o *In re Hewlett-Packard Company Derivative Litigation*, 1:06-cv-071186 (Cal. Super. Ct., Santa Clara County 2006), 2426-VCN (Delaware Chancery Court 2006)

- o *In Re Jabil Circuit Options Backdating Litigation*, 06-CV-01257 (M.D. Fla. 2006)

- o *Stoll et al., v. Glenayre Technologies, Inc. et al.*, 07-CV-00608 (S.D.N.Y. 2008)

- o *Ekas v. Burris, et al. (Citrix Systems, Inc.)*, 07-016114-11, (Fla. Cir. Ct., Broward County 2007)

## V.   Attorneys

Stull, Stull & Brody maintains offices in New York and Los Angeles.   The following section sets forth basic educational and experience information for each of Stull, Stull & Brody's attorneys.

### A. New York Office

**Jules Brody** is a graduate of Brooklyn College, magna cum laude, and received his L.L.B. from the New York University School of Law in 1964.  Mr. Brody made the Dean's List and was an editor of the Law Review.  Mr. Brody was the author of "The Equitable Power to Assess Counsel Fees" which was published in the New York University Intramural Law Review in May 1964.  At NYU, Mr. Brody was a John Norton Pomeroy Scholar and received the American Jurisprudence Prize in Commercial Law

and graduated in the top 10% of his class.  He was admitted to the New York State Bar in 1964.  Mr. Brody received his LL.M. in taxation from the graduate division of the NYU School of Law in 1967.  Mr. Brody is also admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeals for the Second, Fourth and Fifth Circuits, and has been specially admitted to practice before various district courts throughout the United States.

**Edwin J. Mills** is Of Counsel to Stull, Stull & Brody.  He is a graduate of Fordham University and received his J.D. from Brooklyn Law School in 1977.  Mr. Mills was admitted to practice in the State of New York and in the Eastern District of New York in 1978.  He has represented classes of purchasers of securities and shareholders for over 20 years in federal and state courts throughout the United States.  Mr. Mills has extensive experience in all aspects of securities and ERISA class action litigation, including settlement negotiation and trial, including four class actions tried to verdict in the 1990's.  Mr. Mills is also active in several large ERISA class action cases brought on behalf of 401(k) retirement plan participants and beneficiaries, including cases involving Tyco International, Ltd., National City Corporation, Diebold, and Home Depot.

**Mark Levine** is a graduate of the University of Maryland and received his J.D. from Brooklyn Law School in 1981.  He was admitted to the New York State Bar in 1982 and is admitted to practice before the United States District Courts for the Southern, Western and Eastern Districts of New York and the Northern District of Illinois, the United States Court of Appeals for the Second, Fourth, Sixth, Ninth, Tenth and Eleventh Circuits, and has been specially admitted to practice before various other state and federal courts.  He has participated in the litigation of securities class actions throughout the United States.

**Howard T. Longman** received his undergraduate degree from the University of Virginia and his J.D. from New York Law School in 1982.  Mr. Longman is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

**Patrick K. Slyne** received his J.D. from the University of Wyoming in 1988.  He is a member of the Colorado, Connecticut and Wyoming state bars.

**Melissa R. Emert** received her undergraduate degree from the State University of New York at Stony Brook and her J.D. from Brooklyn Law School in 1988.  Ms. Emert is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

**Aaron L. Brody** received his undergraduate degree from Yeshiva University, *summa cum laude*, Class of 1990, and his J.D. from New York University School of Law in 1995.  At NYU, Mr. Brody concentrated on securities law and was a staff editor on the Review of Law and Social Change.  Mr. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

**Tzivia Brody** received her undergraduate degree from Stern College, magna cum laude, Class of 1992, and her J.D. from the Benjamin M. Cardozo School of Law in 1995. Ms. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

**Jason D'Agnenica** received his undergraduate degree from Providence College in 1995, B.A., *cum laude*, and his J.D. from St. John's University School of Law in 1998. While at St John's, Mr. D'Agnenica participated in the Moot Court Honor Society advocacy competition and represented clients in consumer protection matters through St. John's Elder Law Clinic. Mr. D'Agnenica also served as judicial intern for Magistrate Judge Timothy M. Boudewyns, United States District Court for the District of Rhode Island. Mr. D'Agnenica is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

**Nathan G. Lamm** received his undergraduate degree from Yeshiva University, Class of 1997, and his J.D. from Benjamin N. Cardozo School of Law in 2000. Mr. Lamm is a member of the New York State Bar and is admitted to practice before the Southern and Eastern Districts of New York.

**Menashe Y. Shapiro** received his undergraduate degree from Yeshiva University, cum laude, Class of 1997, and his J.D. from Benjamin N. Cardozo School of Law in 2000. Mr. Shapiro is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

**James Henry Glavin IV** received his undergraduate degree from Boston College, Class of 1999, and his J.D. from Fordham University School of Law in 2002. While at Fordham, Mr. Glavin served as an editor on the Moot Court Board and International Law Journal. Mr. Glavin is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

**Michael J. Klein** received his undergraduate degree in 2001 from Emory University and his J.D., with honors, from the University of Connecticut School of Law in 2004. While at the University of Connecticut, Mr. Klein served as an executive editor of the Connecticut Law Review. Mr. Klein is a member of the New York and Connecticut State Bars and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York and the Northern District of Illinois.

**James E. Lahm** received his undergraduate degree from The Ohio State University and his J.D. from Benjamin N. Cardozo School of Law in 2004. Mr. Lahm is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the Southern and Eastern Districts of New York and the District of New Jersey.

**Maksim Fuchs** received his undergraduate degree from Boston University, class of 2003, and his J.D. from Seton Hall School of Law in 2006.  While at Seton Hall Mr. Fuchs finished in the top 16 of the Eugene Gressman Moot Court competition and served as the President of the Jewish Law Society.  Mr. Fuchs is a member of the New York and New Jersey Bars.

### B.  Los Angeles Office

**Patrice L. Bishop** received her undergraduate degree from New York University and her J.D. from Loyola Law School - Los Angeles in 1994.  Ms. Bishop is a member of the California State Bar and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, and the United States Court of Appeals for the Eighth and Ninth Circuits.

**Timothy J. Burke** graduated magna cum laude from Suffolk University and received his J.D. from the University of California at Los Angeles in 1995.  Mr. Burke is a member of the California State Bar, and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, and the United States Court of Appeals for the Ninth Circuit.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on this date and that service is therefore being made electronically on the following:

Jeffrey Robert Boles
DECHERT LLP
Cira Centre, 2929 Arch St
Philadelphia, PA 19104
jeffrey.boles@dechert.com

Steven B. Feirson
DECHERT, PRICE & RHOADS
1717 Arch Street
4000 Bell Atlantic Tower
Philadelphia, PA 19103-2793
steven.feirson@dechert.com

George M. Gowen, III
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
215-665-2000
215-665-2013 (fax)
ggowen@cozen.com

Michael L. Kichline
DECHERT LLP
2929 Arch St.
Philadelphia, PA 19104
michael.kichline@dechert.com

*/s/ Michael D. Donovan*
Michael D. Donovan

DATED:  December 9, 2009